Filed 3/8/16  P. v. Pipkins CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JUSTIN RYAN PIPKINS,<br><br>  Defendant and Appellant. | F069671<br><br>(Super. Ct. Nos. BF147528A & BF145924B)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Janice Wellborn, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

Justin Ryan Pipkins entered into a plea agreement resolving two separate cases that had been filed against him.  His appellate counsel filed a brief asserting she did not

---

[*]  Before Levy, Acting P.J., Franson, J. and Smith, J.

identify any arguable issues in the case. After reviewing the record, we agree and affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

On December 28, 2012, a complaint was filed in case No. BF145924B. The amended information charged Pipkins with five crimes: (1) maintaining a place for the purposes of selling methamphetamine (Health & Saf. Code, § 11366); (2) child endangerment (Pen. Code, § 273a, subd. (a))[1]; (3) possession of methamphetamine for the purposes of sale (Health & Saf. Code, § 11378); (4) maintaining a place for the purposes of selling marijuana (Health & Saf. Code, § 11366); and (5) misdemeanor possession of drug paraphernalia (former Health & Saf. Code, § 11364.1). Counts one through four also alleged as enhancements that Pipkins had suffered a prior conviction that constituted a strike within the meaning of section 667, subdivisions (b)-(i), and three prior felony convictions that resulted in a prison sentence within the meaning of section 667.5, subdivision (b).

On March 26, 2013, a complaint was filed in case No. BF147528A. The information charged Pipkins with three crimes: (1) possession of a stolen vehicle in violation of section 496d, subdivision (a), with a prior conviction for violating section 496d, subdivision (a) within the meaning of section 666.5, subdivision (a); (2) buying a stolen vehicle (§ 496d, subd. (a)); and (3) misdemeanor possession of burglary tools (§ 466). Counts one and two alleged as enhancements that Pipkins had suffered a prior conviction that constituted a strike within the meaning of section 667, subdivisions (b)-(i), and three prior felony convictions that resulted in a prison sentence within the meaning of section 667.5, subdivision (b).

On May 22, 2014, the two cases were called for trial, with case No. BF145924B being tried first, and case No. BF147528A trailing. The jury in case No. BF14592B

---

[1] All statutory references are to the Penal Code unless noted otherwise.

2.

found Pipkins not guilty of child endangerment, but could not reach a verdict on the remaining charges. A mistrial was declared for each count for which the jury was unable to reach a verdict.

Trial then proceeded to the second case, case No. BF147528A. Prior to jury selection the parties reached a plea agreement to resolve both cases. The terms of the agreement in case No. BF147528A required Pipkins to plead guilty (or no contest) to possession of a stolen vehicle with a prior (§ 666.5, subd. (a)), buying a stolen vehicle (§ 496d, subd. (a)), and misdemeanor possession of burglary tools. Pipkins also agreed to admit the strike prior and one prison prior. The People would dismiss the remaining prison priors, and Pipkins would be sentenced to the mitigated term of two years on count one, doubled because of the strike prior, plus one year for the prison prior. The sentence on count two would be stayed pursuant to section 654.

In case No. BF145924B, the People agreed to amend the complaint to add a sixth count for possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). Pipkins agreed to plead guilty (or no contest) to that count, and admit the prior strike conviction. He would be sentenced to one-third the midterm sentence, or eight months, which would be doubled because of the strike prior. The remaining counts and enhancements would be dismissed by the People. The total term for both cases would be six years and four months. Pipkins entered the pleas and was sentenced pursuant to the agreement.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting she could not identify any arguable issues. On March 3, 2015, we sent a letter to Pipkins inviting him to submit any issues which he believed deserved consideration by the court. Pipkins did not respond to our invitation.

After a thorough review of the file, we agree with appellate counsel that there are no arguable issues in this case. Pipkins entered into a plea agreement and was sentenced

3.

pursuant to the terms of his agreement. Pipkins signed a change of plea form which advised him of the rights he was giving up. The trial court confirmed that Pipkins wanted to accept the agreement, and that he wanted to give up the rights in the form.

In his petition for a certificate of probable cause, and in a letter he sent to this court prior to appointment of appellate counsel, Pipkins asserted that two different defense attorneys informed him that if he accepted a plea agreement the trial court would strike his prior conviction pursuant to section 1385. While we do not know what occurred between Pipkins and his defense attorneys, the record establishes the plea agreement he accepted did not include a promise by the court to strike the prior conviction. In fact, prior to the trial in case No. 145924B the trial court reviewed the settlement negotiations. It informed Pipkins of the possible consequences if he went to trial and was convicted, and specifically informed Pipkins no decision had been made on the issue of striking the prior conviction. Pipkins refused the offer at that time and chose to proceed to trial.

This brief review of the proceedings confirms that Pipkins was informed before trial that if he proceeded to trial the trial court had not made any decision concerning the possibility of striking the prior conviction. Pipkins accepted this risk when he refused the prosecution's offer. He later accepted another offer, about which he cannot now complain. At the point the new agreement was reached, no promises had been made to Pipkins other than that which he received.

## DISPOSITION

The judgment is affirmed.